Case 2:16-cv-00516   Document 13   Filed in TXSD on 12/20/16   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JULIUS CALVIN CHRISTOPHER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-516 |
| | § | |
| COASTAL BEND DETENTION | § | |
| CENTER, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR APPOINTMENT OF COUNSEL

Plaintiff filed this lawsuit on December 6, 2016, complaining that Defendants Coastal Bend Detention Center, named staff, and United States Marshals were deliberately indifferent to his serious medical needs in violation of the Constitution (D.E. 1). Plaintiff was granted *in forma pauperis* status and his case will be scheduled for an evidentiary hearing (D.E. 7). Plaintiff has filed two motions for emergency relief (D.E. 8, 9). In those motions as well as in his original complaint, Plaintiff requests appointment of counsel.

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 116 S. Ct. 2174, 2180 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Department*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* This case is not overly complex. According to plaintiff, the Coastal Bend Detention Center, its staff, and unnamed United States Marshals were deliberately indifferent to his serious medical needs. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent and that he understands and can articulate his claims. Though Plaintiff claims to have a learning disability, he has had no problem setting forth his claims in this action. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature. Plaintiff's claims have not yet been screened pursuant to 28 U.S.C. § 1915A. An evidentiary hearing will be scheduled in January.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel.  In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.  Plaintiff's motions for appointment of counsel (D.E. 1, 8, 9) are denied without prejudice at this time.  This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 20th day of December, 2016.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE